UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re: Richard R. Hixon,                   Case No. 11-30850-DOT
       Debtor                                    Chapter 13

## **MEMORANDUM OPINION AND ORDER**

The trustee has objected to the confirmation of the chapter 13 plan proposed by debtor Richard R. Hixon. Hearing on the trustee's objection was held on June 15, 2011. The court sustains the objection for the reasons set forth below.

In his objection to confirmation, the trustee argues that debtor's plan may not be confirmed because neither debtor's plan nor petition satisfies the requirements of §§ 1325(a)(3) and (a)(7) of the Bankruptcy Code, which require the court to deny confirmation of a plan if either the plan or the petition is not filed in good faith. The trustee alleges bad faith in the filing of debtor's plan and in the filing of the petition because the only debt being dealt with in debtor's proposed plan was previously excepted from discharge in debtor's 2010 chapter 7 case (No. 10-32680-KRH). In that case, debtor entered into a consent judgment excepting from discharge his $146,775.31 indebtedness to creditor Timothy S. Roberts, pursuant to the fraud exceptions of §§ 523(a)(2)(A) and (a)(4). (See Adv. Pro. No. 10-03125-KRH). Thus, regardless of whatever the plan in this chapter 13 case provides, the debt to Roberts will not be discharged unless paid in full.

Debtor's amended plan, filed May 6, 2011, proposes to pay the chapter 13 trustee $138.46 bi-weekly for the first four months and $186.62 bi-weekly for the remaining 56 months. This will result in an estimated payout of 16 percent of Roberts' unsecured claim over the term of the plan. At hearing on the trustee's objection to confirmation, the court was advised that based upon the nondischargeability judgment in the chapter 7 case, Roberts caused a

garnishment in the amount of $432.30 bi-monthly to be executed against debtor's wages. Debtor filed this chapter 13 case on February 11, 2011, admittedly to obtain relief from Roberts' garnishment.

*Good faith in filing the plan.* Before the court may approve a chapter 13 plan, the court must find that the plan was "proposed in good faith." 11 U.S.C. § 1325(a)(3). The burden of proof for good faith is with the debtor. *See Tillman v. Lombard*, 156 B.R. 156, 158 (E.D. Va. 1993); *In re Carpenter*, 318 B.R. 645 (Bankr. E.D. Va. 2003). Factors to be considered in determining this issue include: (1) the percentage of the proposed repayment; (2) debtor's financial situation; (3) the period of time payment will be made; (4) debtor's employment history and prospects; (5) the nature and amount of unsecured claims; (6) debtor's past bankruptcy filings; (7) debtor's honesty in representing facts; and (8) any unusual or exceptional problems facing the particular debtor. *See Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir.1982).

Pre-filing conduct and whether a claim is nondischargeable under chapter 7 are also factors in evaluating a debtor's good faith. *See Neufeld v. Freeman*, 794 F.2d 149, 152 (4th Cir. 1986). Using these factors, the court must examine the "totality of circumstances" in each case to determine if the proposed plan violates the purpose or spirit of chapter 13. *Id.* at 152-53.

At the heart of the trustee's objection in this case is his assertion that the sole purpose of the plan is to delay payment of Roberts' nondischargeable debt. In fact, in his response to the trustee's objection, debtor admits that the purpose of the filing is to relieve him from "garnishment and other judgment collection methods." Prior to this filing, debtor's wages were being garnished for $432.30 each semi-monthly pay period, which in a five-year period would have resulted in total payments to Roberts' of $51,876.00, approximately 35 percent of the debt

2

owed him. Under debtor's proposed plan, over that same five-year period, debtor would pay Roberts approximately 16 percent of the debt.

This is not the first time this court has examined circumstances similar to those presented here. In *In re Oliver*, 186 B.R. 403 (Bankr. E.D. Va. 1995), this court found bad faith when debtor proposed a low percentage of repayment on a debt that had been found to be nondischargeable under § 523(a)(2), when that debt comprised 80 percent of the debtor's unsecured claims.

An evaluation of the totality of the circumstances leads to the conclusion that here debtor's plan was filed in bad faith. Several of the indicia of bad faith outlined in *Deans* and *Neufeld* are present in this case. Debtor's only debt is the debt to Roberts, the payout percentage is low, the debt is nondischargeable because it was incurred by fraud, and there is still a pending chapter 7 case that did not relieve debtor from his debt to Roberts. In short, nothing about this plan serves to give debtor a fresh start, which is a primary goal of the bankruptcy laws. *See Foley & Lardner v. Biondo ( In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999). Rather, by reducing the payments to which Roberts is entitled under his judgment and garnishment, the only function of this case is to frustrate Roberts' collection efforts. While debtor's goal of reducing his payments is not by itself an absolute indicator of bad faith, when combined with the other pertinent factors, the conclusion of bad faith is inescapable.

*Good faith in filing the petition.* The trustee has also raised the issue of whether the petition was filed in good faith as required by § 1325(a)(7). The Fourth Circuit addressed § 1325(a)(7) in *Branigan v. Bateman (In re Bateman)*, 515 F.3d 272 (4th Cir. 2008):

> The Chapter 13 Trustee…contends that the Chapter 13 plans here were not confirmable because the debtors filed their Chapter 13 petitions in bad faith knowing that a discharge was not possible....We have previously stated, however, that the proper good faith inquiry is "whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the Chapter] in the proposal or plan." *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir.1982).

*Id*. at 283. In *Bateman*, the Fourth Circuit imported the good faith criteria of *Deans v. O'Donnell* and its progeny into the § 1325(a)(7) analysis. In light of the foregoing §1325(a)(3) analysis, the conclusion that debtor's petition was not filed in good faith is unavoidable, since in this case the circumstances relating to the filing of both the petition and the plan are the same.

Therefore,

IT IS ORDERED that the chapter 13 trustee's objection to confirmation is SUSTAINED and the trustee is directed to submit the appropriate order denying confirmation.

Entered _____

                                          /s/ Douglas O. Tice Jr.
                                          Chief Judge
                                          United States Bankruptcy Court
                                          Eastern District of Virginia

copies:

Michael Owen Wells
Smith & Wells, P.C.
1330 Alverser Plaza
Midlothian, VA 23113

Carl M. Bates
P. O. Box 1819
Richmond, VA 23218

Richard R Hixon
610 Fern Meadow Loop
Apartment 305
Midlothian, VA 23114